IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Charles M., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:23-cv-50068 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Martin J. O'Malley, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles M. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying him disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

In January 2021, Plaintiff filed an application for disability insurance benefits alleging a disability beginning on July 1, 2017 because of degenerative disc disease in his lower back and a torn rotator cuff in his right shoulder. Dkt. 226, 269. Plaintiff was 47 years old on his alleged onset date, and his date last insured was December 31, 2020. R. 265.

Following a hearing in March 2022 and a supplemental hearing in September 2022, at which Plaintiff was represented by counsel, an administrative law judge ("ALJ") issued a decision in October 2022, finding that Plaintiff was not disabled. R. 17–30. Although the record indicates that Plaintiff amended his alleged onset date to the day after he turned 50 years old on October 6,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 7.

1

2019, R. 253,[2] the ALJ evaluated Plaintiff's application from his original onset date. Accordingly, the ALJ determined that from July 1, 2017 through Plaintiff's date last insured, namely December 31, 2020, he was not disabled.

Specifically, the ALJ found that from July 1, 2017 through January 2, 2020, Plaintiff did not have any medically determinable impairments. The ALJ further found that from January 3, 2020 through December 31, 2020, Plaintiff had the following severe impairments: lumbar degenerative disc disease, sacroiliitis, and right rotator cuff tear status post rotator cuff repair. The ALJ determined that Plaintiff's severe impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following restrictions:

> He can only frequently reach in all directions and push and pull hand controls with his right (dominant) upper extremity. The claimant can occasionally climb ramps and stairs, balance, stoop, knee[l], crouch, and crawl, but never climb ladders, ropes, and scaffolds.

R. 22. The ALJ determined that Plaintiff could not perform his past relevant work but there were other jobs that existed in significant numbers in the national economy that he could perform, namely light, unskilled jobs.

After the Appeals Council denied Plaintiff's request for review on January 30, 2023, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

---

[2] Although Plaintiff amended his alleged onset date to October 6, 2020, he turned 50 years old in 2019.

2

support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff makes several arguments challenging the ALJ's decision. Plaintiff largely takes issue with the ALJ's failure to develop "obvious gaps in the medical record" and argues that the ALJ made improper inferences to dismiss the effects of his lower back and shoulder impairments. Specifically, Plaintiff argues that the ALJ erred in: (1) determining that Plaintiff had no medically determinable impairments from July 1, 2017 through January 2, 2020; (2) formulating his RFC; and (3) discounting the opinions of his treating physicians, Dr. Mark Gross and Dr. David Schneider. For the reasons discussed below, the Court believes that a remand is not warranted.

Before addressing each of Plaintiff's arguments, this Court notes that in his reply Plaintiff makes almost no attempt to rebut the Commissioner's arguments for affirming the ALJ's decision and instead stands on the arguments made in his opening brief. *See* Pl.'s Reply at Dkt. 20; *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in waiver). Plaintiff spends most of his three-page reply brief arguing that the Commissioner's responsive arguments fail because his definition of substantial evidence does not mention that the ALJ must satisfy the logical bridge requirement.

3

"While the Seventh Circuit endorses a 'very deferential' standard of review—in which the court's 'role is extremely limited,'" Plaintiff is correct that the "the ALJ must meet the logical bridge requirement to satisfy the substantial evidence standard." *Cynthia B. v. Kijakazi*, No. 20 CV 428, 2022 WL 16781946, at *4–5 (N.D. Ill. Nov. 8, 2022) (citing *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)). In addressing each of Plaintiff's arguments below, this Court has no problem tracing the path of the ALJ's reasoning and finds that the ALJ's analysis meets the logical bridge requirement.

**A. Medically Determinable Impairments**

Plaintiff argues that the ALJ erred by not finding his lower back and right shoulder problems to be medically determinable impairments before January 3, 2020.

At step two, the ALJ determines whether the claimant has a medically determinable impairment, and if so, whether that impairment or combination of impairments is severe. 20 C.F.R. § 404.1521. The regulations provide that a medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques" and "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. "We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment." *Id.*

Here, at step two of the analysis, the ALJ considered Plaintiff's alleged lower back and right shoulder problems but found no medically determinable impairments between July 1, 2017 and January 2, 2020. In doing so, the ALJ recognized that although Plaintiff reportedly stopped working in July 2017 because of his lower back pain, he did not initially pursue any medical treatment. Plaintiff did not seek medical treatment for his back until July 2020. *See* R. 407.

4

Additionally, the record lacked any indication that Plaintiff's back pain occurred before January 2020.

As for Plaintiff's right shoulder, he first sought treatment on January 3, 2020 after falling and injuring it on December 23, 2019. R. 418. Again, the ALJ pointed out that the record lacked any indication that Plaintiff had difficulties with his right shoulder before that date. Instead, the record indicates Plaintiff had no prior history of right shoulder problems before his injury. R. 412. Therefore, the ALJ found the Plaintiff did not have a medically determinable impairment before January 3, 2020 because "there were no medical signs or laboratory findings to substantiate the existence" of one. R. 20.

Plaintiff does not dispute the ALJ's recitation of the record evidence. Instead, Plaintiff argues that the ALJ failed to recognize that his impairments are established by medical imaging taken after January 3, 2020. Plaintiff claims it is "hardly speculative, as Defendant suggests, to infer from objective imaging performed in 2020 revealing degenerative and chronic impairments in an individual closely approaching advanced age that the abnormalities predate the testing." Pl.'s Reply at 2, Dkt. 20. Yet, Plaintiff cites nothing to support such an inference and merely concludes that the ALJ was required to further develop the record to "assist her in interpreting the meaning of later objective tests." Pl.'s Mot. at 9, Dkt. 13. As the Commissioner points out, at step two it was Plaintiff's burden to establish a medically determinable impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (citing 42 U.S.C. § 423(d)(5)(A)). However, Plaintiff is unable to cite to any "medically acceptable clinical and laboratory diagnostic techniques" to establish a medically determinable impairment before January 3, 2020. 20 C.F.R. § 404.1521. Accordingly, Plaintiff has failed to show that the ALJ's determination at step two is not supported by substantial evidence.

*See Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014) (noting that the claimant has the "burden to show that the ALJ's decision is not supported by substantial evidence") (unpublished).

**B. RFC**

Plaintiff argues that the ALJ improperly determined that he retained the capacity to perform light work with additional restrictions for frequent reaching and pushing and pulling hand controls with his right arm.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

Here, the ALJ determined that Plaintiff had the capacity to do light work but can "only frequently reach in all directions and push and pull hand controls with his right (dominant) upper extremity." R. 22. Plaintiff argues that the ALJ "somewhat oddly – inserted the word 'only' to modify frequently, as if to suggest that frequent reaching constitutes a limitation. A plain reading of the word 'frequently' suggests otherwise." Pl.'s Mot. at 10, Dkt. 13. But as the Commissioner points out, the term "frequent" means from one-third to two-thirds of the workday where constant means two-thirds of the workday or more. SSR 83-10, 1983 WL 31251, at *6. Accordingly, Plaintiff's undeveloped argument has no merit. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (finding perfunctory and undeveloped arguments forfeited).

6

Plaintiff also argues that the limitation to frequent reaching and pushing and pulling with his right arm is inconsistent with the medical record. Plaintiff relies on the opinion from his treating physician, Dr. Gross, in March 2022 opining that Plaintiff's lower back impairments limited him to rarely lifting 10 pounds and reaching only forward at chest level for 20% of the workday. But as the ALJ emphasized when finding this opinion unpersuasive, Dr. Gross' March 2022 opinion offered no functional limitations relating to Plaintiff's condition before his date last insured in December 2020. Although Plaintiff argues that Dr. Gross was "fully apprised" of Plaintiff's prior treatment, this does not change the fact that Dr. Gross' opinion offered no functional limitations relating to Plaintiff's condition before December 31, 2020.

Instead, in formulating the RFC, the ALJ largely relied on the opinions of the state agency reviewing physicians who opined on Plaintiff's functional limitations during the relevant period. The state agency physicians opined that Plaintiff's impairments restricted him to light work with occasional climbing and stooping. R. 90–91, 100–01. The ALJ found their opinions generally consistent with the record, pointing to records indicating Plaintiff's overall improvement and normal examination findings for his back and right shoulder. R. 25. However, the ALJ imposed additional postural limitations, including a restriction for reaching, based on Plaintiff's hearing testimony and records indicating Plaintiff limitations relating to reaching. Curiously, Plaintiff does not challenge the ALJ's evaluation of the state agency physicians' opinions or argue that substantial evidence does not support the ALJ's reliance on those opinions in formulating the RFC.

Instead, Plaintiff argues that the ALJ erred in discounting limitations relating to his right shoulder by relying on normal examination findings during treatment for Plaintiff's lower back. R. 405–07. But again, as the Commissioner points out and Plaintiff does not rebut, the ALJ stated in her decision that she relied on Plaintiff's treatment notes for his lower back because those were

7

the only medical records the ALJ had to determine Plaintiff's functional limitations. Plaintiff last sought treatment for his right shoulder on July 8, 2020. At that visit, Plaintiff's examination revealed that following his rotator cuff repair surgery in March 2020, his "function is excellent" and demonstrated minimal pain. R. 410. It was further noted that Plaintiff "returned to activity such as heavy lifting of fish tanks less than a month out from surgery." R. 410. Plaintiff was directed to follow up on an as needed basis. However, Plaintiff testified that he did not seek further treatment for his right shoulder. Accordingly, the ALJ pointed to Plaintiff's July 8, 2020 examination, along with subsequent examinations on July 23 and August 7, 2020 for his back pain, to find that Plaintiff did not have any significant functional limitations related to his right shoulder. The ALJ sufficiently explained her reasons for relying on these records, and this Court sees no reason to remand the ALJ's determination on this ground.

Lastly, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ impermissibly discounted his allegations of back pain by relying too heavily on his normal examination findings and activities of daily living.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *7–8. An ALJ must justify her evaluation of a claimant's subjective allegations with "specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Because the ALJ is in the best position to observe the claimant's testimony, an ALJ's assessment should not be overturned "unless it is 'patently wrong.'" *Morrison v. Saul*, 806 F. App'x 469, 474 (7th Cir. 2020) (unpublished) (citing *Shideler v. Astrue*, 688 F.3d 306, 310–11 (7th Cir. 2012)). An ALJ's assessment is patently wrong if the

decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017) (citing *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014)). Not all of the ALJ's reasons must be valid in a subjective symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished) (emphasis in original).

Here, the ALJ's evaluation of Plaintiff's symptoms does not require remand. The ALJ found Plaintiff's allegations of debilitating lower back pain only partially substantiated in light of normal examination findings, treatment limited to over-the-counter pain medicine and injections, and no indication more invasive treatment was recommended during the relevant period. Although Plaintiff speculates more intense treatment might have been recommended during the relevant period if he sought treatment with Dr. Gross sooner, speculation is an insufficient basis to remand. *See Orienti v. Astrue*, 958 F. Supp. 2d 961, 974 (N.D. Ill. 2013) ("Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.").

Plaintiff takes issue with the ALJ's reliance on normal examinations, reports of some relief with injections, reports of some relief by moving around, and continued activities such a maintaining and lifting his large fish tank, arguing that the ALJ relied too heavily on this evidence because such records merely show that Plaintiff had good days and bad days. However, Plaintiff does not point to any records that the ALJ failed to consider. The ALJ discussed both normal and abnormal examination findings, Plaintiff's allegations, including his testimony that his maintenance of his fish tanks was limited, the treatment he received, and the results of that treatment as reflected in the medical records. Plaintiff appears to merely disagree with the ALJ's weighing of the conflicting evidence. The ALJ did not completely disregard Plaintiff's allegations of pain and other symptoms. Rather, the ALJ found that Plaintiff's complaints of pain were sufficiently supported by an RFC at the light level with additional limitations.

**C. Medical Opinions**

Plaintiff argues that the ALJ improperly discounted the March 2022 opinion from Dr. Gross and the February 2021[3] opinion from Dr. Schneider. Dr. Schneider opined that Plaintiff's lower back impairments limited him to sitting for no more than 45 minutes and standing or walking for 30 minutes. R. 395–96. Dr. Gross opined that Plaintiff was limited to 10 minutes of sitting, standing, and walking, lifting 10 pounds, and significant reaching limitations. R. 679–80.

Under the applicable regulations, an ALJ must evaluate the persuasiveness of medical opinions in light of several factors, including "supportability" (how well supported an opinion is by medical evidence and the explanations given in the opinion) and "consistency" (how consistent an opinion is with other evidence in the record). *See* 20 C.F.R. § 404.1520c(b)(2), (c)(1)–(2). Supportability and consistency are the two most important factors to be considered when it comes to weighing the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2); *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022).

Plaintiff does not argue that the ALJ failed to consider the supportability or consistency of these opinions. Instead, Plaintiff only takes issue with the ALJ's evaluation of these factors in light of the ALJ's characterization of the medical record outlined above. Importantly, Plaintiff provides no support for relying on a March 2022 and February 2021 opinion to determine Plaintiff's functional limitations before December 31, 2020, where the opinions give no indication they were retroactive or somehow opined on Plaintiff's limitations during the relevant period. This, in addition to the mere checkbox nature of the opinions with no evidence cited in support or

---

[3] In his opening brief, Plaintiff argues that the ALJ was "quite dismissive" of Dr. Schneider's February 2020 opinion, which was "well within the relevant period." Pl.'s Mot. at 14-15, Dkt. 13. However, the record reflects that the opinion Plaintiff is referring to was dated February 2021, which was after Plaintiff's December 31, 2020 date last insured. *See* R. 395–96.

consistency with records indicating improvement, are valid reasons to discount these opinions. Therefore, substantial evidence supports the ALJ' decision.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion is granted. The decision of the Commissioner is affirmed.

Date: March 29, 2024  By: _Lisa A. J_____
Lisa A. Jensen
United States Magistrate Judge